**Geneva MELDRUM, Plaintiff and Respondent,**

v.

**Klarence MELDRUM, Defendant and Appellant.**

**No. 13684.**

Supreme Court of Utah.

Jan. 3, 1975.

---

Will L. Hoyt, Nephi, for defendant and appellant.

Richard L. Maxfield, Provo, for plaintiff and respondent.

ELLETT, Justice:

The plaintiff owned a one-half interest in some land on which were two mortgages. One of her sons owned the other half interest. She agreed to sell her interest to the defendant, another of her sons, for $40,000, payable at the rate of $2,500 per year, with a deduction for payments on the mortgages. This price included some personal property. No interest was to be charged the defendant unless he became delinquent in making the payment to her. A deduction was to be made from the annual payment for the amount paid on the mortgage principal, and credit was also to be given for interest paid thereon, but said credit was to be applied to the last payment due on the contract.

There was a provision in the contract as follows:

> That in the event the buyer sells his interest in the above described property or assigns this contract during the lifetime of the seller for a sum in excess of the purchase price herein, Forty Thousand Dollars ($40,000.00), that in such event he will pay one-half of the excess

thereof over $40,000.00 to the seller herein, from the first three payments under such sale. . . .

The parties agreed that the personalty was of the value of $3,000 and the realty $37,000.

The defendant sold the personal property for $3,000, and he and his brother sold the land for $158,000 subject to a real estate commission of $7,900. The first three payments made amounted to more than enough to pay the plaintiff her share of the profit above $40,000. However, the parties are not in agreement as to how the fund should be divided. The defendant claims that there is no sale until he has been paid his full share of the sale price and that he should continue to pay the plaintiff $2,500 per year until the full price of his contract with her is paid. The plaintiff contends that she should have her share of the profit now and also the balance due her from the original contract with the defendant.

| | |
|---|---|
| Sale of realty | $158,000 |
| Less real estate commission | 7,900 |
| Net sale | $150,100 |
| 50% to defendant | 75,050 |
| Less contract price of land | 37,000 |
| Net profit | $ 38,050 |
| 50% to plaintiff | 19,025, plus interest |

All parties agreed that the new purchaser could have extra time to make the second payment and for the privilege he would pay extra interest. Plaintiff claims a part of that interest. Defendant contends that she should get none of it. The court found for the plaintiff.

There were some minor adjustments made by the parties regarding payments made on the mortgages and a credit to be allowed the defendant for agreeing to permit the new purchaser to pay the contract in full.

Except as stated below, we think the trial court was correct in his handling of these matters. There are three disputes which require our attention:

### The Share of the Profit

■ The court held for the plaintiff, and we think she is entitled to be paid her share and that she should have interest at the legal rate since the third payment was made.

### Share of Interest on Deferred Payment

■ Since the share of the profit was not due plaintiff until the third payment was made, and since the third payment was made on time, plaintiff is not entitled to a share in the interest.

### Payments Under the Original Contract

■ The contract between plaintiff and defendant provided that the defendant would pay $2,500 per year until the contract was paid in full. This contract was not affected by the sale of the land. Even though the new purchase price has now been paid in full, the terms of the contract between the parties hereto have not been altered. The defendant is entitled to pay as he agreed. The mother and the two sons signed the agreement with the new purchaser, and if she wanted a change in her contract, she should have insisted on it at the time she agreed to the last sale.

This case is remanded to the trial court with directions to recalculate the amount due the plaintiff, to wit: the share of the profits plus payments due pursuant to the original contract, and to compare it with the amount she has received. If she is entitled to more than has been paid her, she should have that amount paid to her from the escrow, and the remainder thereof should be released to the defendant. If she has received more than she is entitled to, she should not receive any money from the defendant until payment is due her pursuant to the original contract.

Except as noted above, the judgment of the court is affirmed. No costs are awarded.

Other assignments of error have been considered by the court and are deemed to be without merit.

CALLISTER, C. J., and CROCKETT, and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.